**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE HERNANDEZ-ZARRAGA, | No. 13-71262 |
| Petitioner, | Agency No. A099-458-949 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Jorge Hernandez-Zarraga, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's continuous physical presence determination, and we review de novo

due process claims. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618, 620 (9th Cir.

2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Hernandez-

Zarraga failed to establish the ten years of continuous physical presence required

for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Juarez-Ramos v.*

*Gonzales*, 485 F.3d 509, 511 (9th Cir. 2007) (expedited removal interrupts an

alien's continuous physical presence for cancellation purposes).

Hernandez-Zarraga claims that he was denied due process when a Spanish

language interpreter was not provided in his expedited removal proceedings. This

claim is without merit where the record shows that the communication between

Hernandez-Zarraga and the immigration officer who provided the necessary notice

and advisals and conducted the expedited removal proceedings was in Spanish,

Hernandez-Zarraga signed a form affirmatively stating that he understood his

rights, and the text of the interview does not suggest that he had any difficulty

understanding the immigration officer. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th

Cir. 2000) (requiring error and prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

13-71262